Potter, J.
 

 One of the questions made in this ease is as to the effect of a sheriff’s sale on execution of land in the adverse possession of another.
 

 Without doubt, by the old English law and statutes, which must be considered as being a part of our common law, a con
 
 *457
 
 veyance of land of which the grantor was not in possession was void, and the title remained in the grantor. 4 Dane’s Abridg. cap. 104, art. 3 ; cap. 109, art. 6 ; Burton’s Compend. § 363;
 
 Inglis
 
 v.
 
 Trustees of the Sailors’ Snug Harbor,
 
 3 Pet. 99, 176.
 

 Whether in such a case the grantee could have any relief on the covenants, or whether if the property was recovered by the grantor it would pass by estoppel, does not seem to be well settled. Rawle on Covenants, 31, 35, 37 ;
 
 Slater
 
 v.
 
 Rawson,
 
 1 Met. 450 ;
 
 Livingston
 
 v.
 
 Proseus,
 
 2 Hill N. Y. 526.
 

 The great difficulty in deciding what weight is to be attached to American cases consists in ascertaining how far they depend on the statute law of the different States.
 

 There are numerous cases holding that this doctrine does not apply to cases of devise or descent, and yet these may depend in a great measure on statute.
 
 Livingston
 
 v.
 
 Proseus,
 
 2 Hill N. Y. 526 ;
 
 Jackson
 
 v.
 
 Demont,
 
 9 Johns. Rep. 55. But now in England, by statute 8 & 9 Vict. cap. 106, § 6, rights of entry may be conveyed by deed, and by other statutes it is made plain that they may be devised and may descend. 1 Vict. cap. 26, § 3; 3 & 4 William IV. cap. 106, §§ 1, 2.
 

 In regard to sheriffs’ sales the law in many States depends on local statutes.
 

 But in England, where the process was by
 
 elegit,
 
 the same rule was applied to sheriff’s sales as to sales made by a private person.
 

 In Maine and Kentucky the old law has been expressly altered. So in other States it has been altered by construction. Some of the New York cases depend on this.
 

 But we think the weight of authority and reason is in favor of the older doctrine.
 

 In Indiana, and so in Kentucky before the legislature changed the law, the reasons for sustaining the old common law doctrine were very forcibly stated. And so in
 
 Frizzle
 
 v.
 
 Veach,
 
 1 Dana, 211, 221, Nicholas, J., in giving his reasons for not construing the Kentucky act as held by the majority, well states the reasons why the legislature should not be presumed to intend to change the old law. And see
 
 McConnell
 
 v.
 
 Brown,
 
 5 T. B. Mon. 478, strongly approved in
 
 Shepherd f Trimble
 
 v.
 
 McIntire,
 
 4 J. J Marsh. 111, 112. And certainly mischiefs arising from sheriffs
 
 *458
 
 sales of disputed titles may in many cases be greater than in sales made by tbe claimant himself, or by an executor or administrator. The judge having declined to charge as we have here decided, and the defendants having excepted thereto, the exception is sustained.
 

 As this is decisive of the whole case, there is no need of considering the other points.
 
 Petition granted.